COBB, Judge,
concurring in part and dissenting in part.
I concur in the majority’s unpublished memorandum as far as it affirms the trial court’s denial of Jimmy Ray Stanton’s motion to suppress. I dissent from the majority’s holding that Stanton, as part of his *1022 motion to suppress, failed to preserve his claim that the arresting officer did not have reasonable suspicion to detain him after he had signed the Uniform Traffic Ticket and Citation (“UTTC”), for which he had been stopped.
Pursuant to a guilty plea, Stanton was convicted of trafficking in excess of 2.2 pounds or one kilo of marijuana, a violation of § 13A-12-23K1), Ala.Code 1975. Stanton reserved the right to challenge on appeal the denial of his motion to suppress.
Stanton filed a boilerplate motion to suppress. A hearing was held on the motion to suppress. Two issues were argued at the hearing on the motion to suppress: 1) whether the initial traffic stop was valid; and 2) whether Stanton was coerced into consenting to the search of his vehicle. As noted on the- case action summary sheet, at the conclusion of the hearing the trial court allowed the parties to submit briefs in support of those claims. In his brief, Stanton, in addition to the above claims, also argued that the arresting officer did not have reasonable suspicion to continue to detain him after he had signed the UTTC. The State raised no objection in the trial court, neither by way of motion to strike nor at the guilty plea proceedings, to the addition of this claim as a ground supporting Stanton’s motion to suppress. The trial court addressed this additional claim in its order denying the motion to suppress, stating:
“The Court further finds that based on the totality of the circumstances including the arresting Officer detecting a strong smell of cologne coming from the Defendant and his vehicle, a license tag display only on the rear of the vehicle and not the front,[1] the Defendant not having a license with him and Defendant only having a few clothing [sic] which was inconsistent with what the Defendant told the Officer, the Court finds that the Officer had a reasonable suspicion of criminal activity to continue to detain the Defendant beyond the detention necessary for a traffic stop.”
(C.R. 176.)
Stanton has challenged the trial court’s ruling on appeal, and the majority has found that the claim was not preserved for appellate review because Stanton “failed to timely raise this argument in his motion to suppress or at the suppression hearing.” I disagree.
With the trial court’s acquiescence, Stanton specifically reserved “the right to appeal the denial of the motion to suppress the evidence as previously filed and argued in the case.” (Supplemental record of 10-80-03 at R. 6.)(Emphasis added.) The specific reference to the reservation of claims “previously filed,” the fact that the trial court addressed the claim in its order, and the fact that the State acquiesced in the addition of the claim at trial convince me that the claim was timely presented to the trial court and that the appeal from the court’s adverse ruling is properly before the Court.
Nevertheless, even though I believe this claim is preserved, I believe the record supports the trial court’s denial of Stanton’s motion to suppress based on this claim. Therefore, I concur in part and dissent in part.

. Stanton was traveling from Texas which requires front and rear license plates.